UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

---

MARTIN ACCARDI AND JILL ACCARDI,

            Plaintiffs,

- against -

THE CITY OF NEW YORK,
AMEC CONSTRUCTION MANAGEMENT,
INC., *et al.*,

            Defendants.

DOC # 1

06 CV 15158

Judge Hellerstein

CHECK-OFF ("SHORT FORM")
COMPLAINT
RELATED TO THE
MASTER COMPLAINT

PLAINTIFF(S) DEMAND A TRIAL BY JURY

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Master Complaints for all Plaintiffs were filed on August 18, 2006. This short form complaint incorporates the amended master complaint concerning the wrongdoing of defendants AMEC CONSTRUCTION MANAGEMENT and other contractors.

### NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "**X**" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff, by his attorneys SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C. complaining of Defendants, respectfully allege:

## I. PARTIES

### PLAINTIFF(S)

1.   **X**  Plaintiff, MARTIN ACCARDI, is an individual and a citizen of New York State residing at 2725 Fortesque Avenue, Oceanside, New York 11572.

(OR)

2. Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of

3. **X** Plaintiff JILL ACCARDI, (hereinafter the "Derivative Plaintiff"), is a citizen of New York State, and has the following relationship to the Injured Plaintiff:

   **X** JILL ACCARDI at all relevant times herein, is and has been lawfully married to Plaintiff MARTIN ACCARDI, and brings this derivative action for her loss due to the injuries sustained by her husband, Plaintiff MARTIN ACCARDI.

   ☐ Parent    ☐ Child    ☐ Other: _____

4. In the period from September 11, 2001 through March, 2002 the injured Plaintiff worked for the Marine Division of the New York City Fire Department as a Fire Pilot, performing debris removal, carrying out firefighting duties, and participating in the rescue and recovery effort at:

   *Please be as specific as possible when filling in the following dates and locations*

| **X** The World Trade Center Site | ☐ The Barge |
|---|---|
| throughout the four quadrants, directly on the debris pile, from on or about September 11, 2001 through March, 2002. After initial service consisting of 24 hour shifts at the World Trade Center Site throughout the month of September 2001, he worked for approximately 8 to 12 hours per day and for approximately 90 days total. In addition, throughout his work in the rescue and recovery efforts, Plaintiff was assigned to a fire boat that was not decontaminated or cleaned of contaminants and toxins from the World Trade Center Site. While operating this fire boat, Plaintiff was continually exposed to the contaminants and toxins. | From on or about _____ until _____; Approximately _____ hours per day; for Approximately _____ days total. |
| | ☐ **Other:*** For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below: |
| ☐ The New York City Medical Examiner's Office | From on or about _____ until _____; Approximately _____ hours per day; for Approximately _____ days total; Name and Address of Non-WTC Site Building/Worksite: _____ |
| From on or about _____ until _____, Approximately _____ hours per day; for Approximately _____ days total. | |
| ☐ The Fresh Kills Landfill | |

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

5. Injured Plaintiff

    __X__ Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

    __X__ Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

    __X__ Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

    __X__ Other: Throughout his work in the rescue and recovery efforts, Plaintiff was assigned to a fire boat that was not decontaminated or cleaned of contaminants and toxins from the World Trade Center Site. This assignment exposed Plaintiff to additional quantities of contaminants and toxins. Upon information and belief, the fire boat at issue was not cleaned or decontaminated until years after the collapse of the World Trade Center.

6. Injured Plaintiff

    __X__ Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

    ☐ Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

    ☐ Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

    ☐ Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

B. DEFENDANT(S)

The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

---

**X THE CITY OF NEW YORK**
☐ A Notice of Claim was timely filed and served on _____ and
☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____
(OR)
☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
☐ More than thirty days have passed and the City has not adjusted the claim
(OR)
X An Order to Show Cause application to
X deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
X is pending
☐ Granting petition was made on _____
☐ Denying petition was made on _____

===========================================

☐ PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
☐ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on _____
☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
☐ the PORT AUTHORITY has adjusted this claim
☐ the PORT AUTHORITY has not adjusted this claim.

===========================================

☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 4 WTC HOLDINGS, LLC

☐ 5 WORLD TRADE CENTER, LLC
☐ 5 WTC HOLDINGS, LLC
**X AMEC CONSTRUCTION MANAGEMENT, INC.**
☐ 7 WORLD TRADE COMPANY, L.P.
☐ A RUSSO WRECKING
☐ ABM INDUSTRIES, INC.
☐ ABM JANITORIAL NORTHEAST, INC.
**X AMEC EARTH & ENVIRONMENTAL, INC.**
☐ ANTHONY CORTESE SPECIALIZED HAULING, LLC, INC.
☐ ATLANTIC HEYDT CORP
☐ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☐ BECHTEL CONSTRUCTION, INC.
☐ BECHTEL CORPORATION
☐ BECHTEL ENVIRONMENTAL, INC.
☐ BERKEL & COMPANY, CONTRACTORS, INC.
☐ BIG APPLE WRECKING & CONSTRUCTION CORP
**X BOVIS LEND LEASE, INC.**
**X BOVIS LEND LEASE LMB, INC.**
☐ BREEZE CARTING CORP
☐ BREEZE NATIONAL, INC.
☐ BRER-FOUR TRANSPORTATION CORP.
☐ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☐ C.B. CONTRACTING CORP
☐ CANRON CONSTRUCTION CORP
☐ CANTOR SEINUK GROUP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☐ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☐ DAKOTA DEMO-TECH
☐ DIAMOND POINT EXCAVATING CORP
☐ DIEGO CONSTRUCTION, INC.
☐ DIVERSIFIED CARTING, INC.
☐ DMT ENTERPRISE, INC.
☐ D'ONOFRIO GENERAL CONTRACTORS CORP

---

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

- ☐ EAGLE LEASING & INDUSTRIAL SUPPLY
- ☐ EAGLE ONE ROOFING CONTRACTORS INC.
- ☐ EAGLE SCAFFOLDING CO
- ☐ EJ DAVIES, INC.
- ☐ EN-TECH CORP
- ☐ ET ENVIRONMENTAL
- ☐ EVERGREEN RECYCLING OF CORONA
- ☐ EWELL W. FINLEY, P.C.
- ☐ EXECUTIVE MEDICAL SERVICES, P.C.
- ☐ F&G MECHANICAL, INC.
- ☐ FLEET TRUCKING, INC.
- ☐ FRANCIS A. LEE COMPANY, A CORPORATION
- ☐ FTI TRUCKING
- ☐ GILSANZ MURRAY STEFICEK, LLP
- ☐ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
- ☐ HALLEN WELDING SERVICE, INC.
- ☐ H.P. ENVIRONMENTAL
- ☐ KOCH SKANSKA INC.
- ☐ LAQUILA CONSTRUCTION INC
- ☐ LASTRADA GENERAL CONTRACTING CORP
- ☐ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
- ☐ LIBERTY MUTUAL GROUP
- ☐ LOCKWOOD KESSLER & BARTLETT, INC.
- ☐ LUCIUS PITKIN, INC
- ☐ LZA TECH-DIV OF THORTON TOMASETTI
- ☐ MANAFORT BROTHERS, INC.
- ☐ MAZZOCCHI WRECKING, INC.
- ☐ MERIDIAN CONSTRUCTION CORP.
- ☐ MORETRENCH AMERICAN CORP.
- ☐ MRA ENGINEERING P.C.
- ☐ MUESER RUTLEDGE CONSULTING ENGINEERS
- ☐ NACIREMA INDUSTRIES INCORPORATED
- ☐ NEW YORK CRANE & EQUIPMENT CORP.
- ☐ NICHOLSON CONSTRUCTION COMPANY
- ☐ OLYMPIC PLUMBING & HEATING
- ☐ PETER SCALAMANDRE & SONS, INC.
- ☐ PINNACLE ENVIRONMENTAL CORP
- ☐ PLAZA CONSTRUCTION CORP.
- ☐ PLAZA CONSTRUCTION MANAGEMENT CORP.
- ☐ PRO SAFETY SERVICES, LLC
- ☐ PT & L CONTRACTING CORP
- ☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
- ☐ ROBER SILMAN ASSOCIATES
- ☐ ROBERT L GEROSA, INC
- ☐ RODAR ENTERPRISES, INC.
- ☐ ROYAL GM INC.
- ☐ SAB TRUCKING INC.
- ☐ SAFEWAY ENVIRONMENTAL CORP
- ☐ SEASONS INDUSTRIAL CONTRACTING
- ☐ SEMCOR EQUIPMENT & MANUFACTURING CORP.
- ☐ SILVERITE CONTRACTORS
- ☐ SILVERSTEIN PROPERTIES
- ☐ SILVERSTEIN PROPERTIES, INC.
- ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
- ☐ SILVERSTEIN WTC, LLC
- ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
- ☐ SILVERSTEIN WTC PROPERTIES, LLC
- ☐ SILVERSTEIN DEVELOPMENT CORP.
- ☐ SILVERSTEIN WTC PROPERTIES LLC
- ☐ SIMPSON GUMPERTZ & HEGER INC
- ☐ SKIDMORE OWINGS & MERRILL LLP
- ☐ SURVIVAIR
- ☐ TISHMAN INTERIORS CORPORATION,
- ☐ TISHMAN SPEYER PROPERTIES,
- ☐ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN
- ☐ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
- ☐ THORNTON-TOMASETTI GROUP, INC.
- ☐ TORRETTA TRUCKING, INC
- ☐ TOTAL SAFETY CONSULTING, L.L.C
- ☐ TUCCI EQUIPMENT RENTAL CORP
- **X TULLY CONSTRUCTION CO., INC.**
- **X TULLY ENVIRONMENTAL INC.**
- **X TULLY INDUSTRIES, INC.**
- **X TURNER CONSTRUCTION CO.**

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | |
|---|---|
| X TURNER CONSTRUCTION COMPANY<br>X TURNER CONSTRUCTION INTERNATIONAL, LLC<br>☐ TURNER/PLAZA, A JOINT VENTURE<br>☐ ULTIMATE DEMOLITIONS/CS HAULING<br>☐ VERIZON NEW YORK INC,<br>☐ VOLLMER ASSOCIATES LLP<br>☐ W HARRIS & SONS INC<br>☐ WEEKS MARINE, INC.<br>☐ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C. | ☐ WHITNEY CONTRACTING INC.<br>☐ WOLKOW-BRAKER ROOFING CORP<br>☐ WORLD TRADE CENTER PROPERTIES, LLC<br>☐ WSP CANTOR SEINUK<br>☐ YANNUZZI & SONS INC<br>☐ YONKERS CONTRACTING COMPANY, INC.<br>☐ YORK HUNTER CONSTRUCTION, LLC<br>☐ ZIEGENFUSS DRILLING, INC.<br>☐ Other:<br>☐<br>☐ |
| ☐ Non-WTC Site Building Owner<br>  Name: _____<br>  Business/Service Address: _____<br>  Building/Worksite Address: _____<br>☐ Non-WTC Site Lessee<br>  Name: _____<br>  Business/Service Address: _____<br>  Building/Worksite Address: _____ | ☐ Non-WTC Site Building Managing Agent<br>  Name: _____<br>  Business/Service Address: _____<br>  Building/Worksite Address: _____ |

## II. JURISDICTION

The Court's jurisdiction over the subject matter of this action is:

**X** Founded upon Federal Question Jurisdiction; specifically; **X**; Air Transport Safety & System Stabilization Act of 2001, (or); ☐ Federal Officers Jurisdiction, (or); **X**; Other (specify): Federal Question Jurisdiction is also conferred as the injured Plaintiff makes a claim pursuant to the Merchant Marine Act of 1920, 46 U.S.C. Sec. 688 et seq., otherwise known as the Jones Act, and the General Maritime Law of the United States, and Longshore and Harbor Worker's Compensation Act, and all statutes amendatory and supplemental to that Act; ☐ Contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. § 1441.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

## III  CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| **X** | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | **X** | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| **X** | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | **X**  **X**  **X** | Air Quality;  Effectiveness of Mask Provided;  Effectiveness of Other Safety Equipment Provided |
| **X** | Pursuant to New York General Municipal Law §205-a | ☐ | Other(specify): <u>Not yet determined.</u> |
| ☐ | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | **X** | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | **X;** | Other: Defendant City of New York is liable under the Merchant Marine Act of 1920, 46 U.S.C. Section 688 *et seq.*, otherwise known as the Jones Act, the General Maritime Law of the United States, and Longshore and Harbor Worker's Compensation Act, and all statutes amendatory and supplemental to that Act as at least part of the injured Plaintiff's exposure to dust, contaminants and toxic smoke from the World Trade Center Site took place while he served as a Fire Pilot aboard a New York City Fire Department fire boat. The City of New York was responsible for the safe operation, maintenance, repair and control of the fire boat, and this responsibility extended to keeping the fire boat free from toxic contaminants and/or prompt decontamination of the fire boat and to providing crew members of the fire boat with the proper protective equipment, as set forth above. The City of New York failed in these responsibilities, thereby resulting in harm to Plaintiff. |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

## IV. CAUSATION, INJURY AND DAMAGE

1. As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

| | | | |
|---|---|---|---|
| **X** | **Cancer Injury:** gastrointestinal stromal cancer with involvement of the gastric wall and liver<br>**Date of onset:** On or about October 2005, Plaintiff began to experience weight loss in the absence of any other symptoms or sign of injury. On or about June 9, 2006, an interpretation of a CT Scan, taken of Plaintiff's lungs, revealed an abnormality in his abdomen. Subsequent to June 9, 2006, Plaintiff sought further evaluation of the abnormality. On or about June 28, 2006, a CT Scan revealed masses in his abdomen, and further tests and studies led to his diagnosis with gastrointestinal stromal cancer with involvement of the gastric wall and liver.<br>**Date physician first connected this injury to WTC work:** June 28, 2006 and thereafter, at the time of the diagnosis of the Plaintiff. | ☐ | Cardiovascular Injury:<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| ☐ | Respiratory Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: | ☐ | Fear of Cancer<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| **X** | **Digestive Injury:** gastrointestinal stromal cancer with involvement of the gastric wall and liver.<br>**Date of onset:** On or about October 2005, Plaintiff began to experience weight loss in the absence of any other symptoms or sign of injury. On or about June 9, 2006, an interpretation of a CT Scan, taken of Plaintiff's lungs, revealed an abnormality in his abdomen. Subsequent to June 9, 2006, Plaintiff | ☐ | Other Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| | sought further evaluation of the abnormality. On or about June 28, 2006, a CT Scan revealed masses in his abdomen, and further tests and studies led to his diagnosis with gastrointestinal stromal cancer with involvement of the gastric wall and liver.<br>**Date physician first connected this injury to WTC work**: June 28, 2006 and thereafter, at the time of the diagnosis of the Plaintiff. | | |

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

2. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

| | | | |
|---|---|---|---|
| X | Pain and suffering | X | Expenses for medical care, treatment, and rehabilitation |
| X | Loss of the enjoyment of life | X | Other: |
| X | Loss of earnings and/or impairment of earning capacity | X | Mental anguish |
| | | X | Disability |
| | | ☐ | Medical monitoring |
| X | Loss of retirement benefits/diminution of retirement benefits | ☐ | Other: _____ |

3. As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiff(s) demands that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
December 12, 2006

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO P.C.
Attorneys for Plaintiff

BY: _____
Andrew J. Carboy (AC 2147)
120 Broadway - 18th Floor
New York, New York 10271
Tel: (212) 732-9000

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*